IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FELIX WALLS,                                                                 ORDER
                    Petitioner,

                                                                                   09-cv-430-slc[1]

      v.

WARDEN CAROL HOLINKA of FCI Oxford
and other ARTICLE II SWORN OFFICIAL[s]
of the DEPARTMENT OF JUSTICE, known and
unknown.

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Felix Walls contends that the life sentence he received for his conviction of "conspiracy to possess with intent to distribute and to distribute cocaine" was "due to fraud" and should not have been imposed after the original sentence had been reversed. He challenges the validity of his conviction and sentence in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He has paid the filing fee. Because petitioner is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, venue is proper in this district.

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over this case.

1

Moore v. Olsen, 368 F.3d 757 (7th Cir. 2004).

Before I may consider the merits of the § 2241 petition, I must address two threshold matters. First, petitioner has not verified that the statements made in his petition are being made under penalty of perjury, as is required by 28 U.S.C. § 2242. Thus, the case may not proceed until petitioner submits a revised signature page on which he includes the statement that "The statements in the petition are true and correct under penalty of perjury."

Second, petitioner has not shown why § 2241 is the proper vehicle for bringing his claims. Normally, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge

2

under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.")

Although petitioner indicates that his claim is one of "actual innocence," he does not attempt to identify any structural problem in § 2255 that prevented collateral review of his claims under that provision. Accordingly, I will give petitioner an opportunity to correct this defect in his petition. If he fails to do so, his petition will be dismissed.

ORDER

IT IS ORDERED that petitioner Felix Walls may have until August 10, 2009, to file an amended signature page and supplement to his petition showing that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner fails to respond by August 10, 2009, I will deny the petition for his

failure to show that he is in custody in violation of federal law.

Entered this 23d day of July, 2009.

                                         BY THE COURT:
                                         /s/
                                         BARBARA B. CRABB
                                         District Judge