IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| FELIX WALLS,<br>                      Petitioner,<br><br>     v.<br><br>WARDEN CAROL HOLINKA of FCI Oxford<br>and other ARTICLE II SWORN OFFICIAL[s]<br>of the DEPARTMENT OF JUSTICE, known and<br>unknown.<br><br>                    Respondents. | ORDER<br><br>09-cv-430-slc[1] |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered July 23, 2009, I considered petitioner Felix Walls's petition for writ of habeas corpus and explained that, although such writs generally arise pursuant to 28 U.S.C. § 2241, the general statute authorizing writs of habeas corpus, his claim involved an attack on his conviction or sentence, which is generally actionable only through § 2255 unless some structural problem in § 2255 makes it unavailable to petitioner. Because petitioner did not identify any such structural problem, I gave him an opportunity to

---

[1] Although this case has been assigned to Magistrate Judge Stephen Crocker, it is too early in the case for the parties to have consented to his jurisdiction. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over this case.

supplement his petition.  (In addition, I gave him an opportunity to verify that the statements in his petition are being made under penalty of perjury; he has provided the required verification.)

Petitioner has responded to the order by filing a "motion for indefinite statements," which appears to be a challenge to the conclusion that his petition for writ of habeas corpus must follow the rules of § 2241 and § 2255.  In particular, petitioner contends that he should be entitled to proceed directly under the Constitution instead of by some statutory mechanism, citing Article 1, Section 9, Clause 2 of the Constitution (the suspension clause). To the extent plaintiff is arguing that he may proceed directly under the Constitution, he is mistaken.  The suspension clause does not provide a separate cause of action for writs of habeas corpus; it simply prohibits Congress from suspending the writ.  Sections 2241 and 2255 are the statutory vehicles for bringing writs of habeas corpus in petitioner's circumstances.  Therefore, petitioner must comply with their limitations.

As to petitioner's suggestion that sections 2241 and 2255 violate the suspension clause by limiting his opportunities to challenge his conviction, the Court of Appeals for the Seventh Circuit has this to say: "There is no constitutional entitlement to post-judgment collateral review by the inferior federal courts, let alone to unending rounds of such review." Benefiel v. Davis, 403 F.3d 825, 827 (7th Cir. 2005).  If petitioner wants to challenge his conviction or sentence, he must either proceed under § 2255 (which is probably unavailable

2

to him) or show that structural problems in § 2255 make it unavailable to him.

According to petitioner, he has declined to provide information regarding why § 2255 is unavailable because he needed to first know why he could not proceed directly under the Constitution. It is not clear why that is so. Nonetheless, I will give petitioner one more opportunity to explain why § 2255 is unavailable. He may have until August 20, 2009 in which to supplement his petition to show that a motion under § 2255 would be "inadequate or ineffective." If, by August 20, petitioner has failed to supplement his complaint, his petition will be denied.

ORDER

IT IS ORDERED that petitioner Felix Walls may have until August 20, 2009, to supplement his petition to show that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner fails to respond by August 20, 2009, I will deny the petition for his failure to show that he is in custody in violation of federal law.

Entered this 7th day of August, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3