IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| FELIX WALLS, | ORDER |
| Petitioner, | |
| | 09-cv-430-slc[1] |
| v. | |
| WARDEN CAROL HOLINKA of FCI Oxford and other ARTICLE II SWORN OFFICIAL[s] of the DEPARTMENT OF JUSTICE, known and unknown. | |
| Respondents. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, petitioner is seeking a writ of habeas corpus on the ground that his life sentence was "due to fraud" and should not have been imposed after the original sentence was reversed. In an initial order, entered July 23, 2009, I construed petitioner's request as arising under 28 U.S.C. § 2241, the general statute authorizing writs of habeas corpus, but told petitioner that he needed to identify some structural problem in § 2255 to proceed in this case. In response, petitioner filed a "motion for indefinite statements," in which he

---

[1] Although this case has been assigned to Magistrate Judge Stephen Crocker, it is too early in the case for the parties to have consented to his jurisdiction. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over this case.

1

explained that he was not attempting to proceed under the statutory framework provided in § 2241 or § 2255, but rather directly under Article 1, Section 9, Clause 2 of the Constitution (the suspension clause). In an order entered August 7, 2009, I explained that the suspension clause does not provide a direct cause of action and petitioner would have to proceed under § 2241 or § 2255. Rather than simply dismiss the petition, I gave petitioner one last opportunity to identify any structural flaw in § 2241.

Petitioner has filed several responses. He has filed two motions to amend his petition to name new defendants, a "petition for adjudication of the constitutional writ" and a motion for recusal. I take up that last motion first. Grounds for disqualification and recusal include "personal bias or prejudice," 28 U.S.C. §§ 144 and 455(b)(1), and "any proceeding in which [a judge's] impartiality might reasonably be questioned," 28 U.S.C. § 455(a).

Petitioner identifies but one basis for disqualification: my conclusion that the suspension clause does not provide a separate cause of action for writs of habeas corpus. Nothing about that ruling suggests bias. For obvious reasons, a party is not entitled to a new judge every time a ruling or decision is unfavorable. Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion). Because petitioner's motion is supported by nothing more than an unfavorable ruling, it will be denied.

As for petitioner's motions to amend the petition, they will be denied. His attempts

2

to sue various federal officials and the legislative branch, among others, is misplaced. To the extent petitioner disagrees with their actions as they relate to the formation of the statutory mechanisms or their role in convicting him, they are nonetheless not the proper parties for a habeas petition, which is directed to the custodian of a prisoner (who could release a prisoner if so directed). Therefore, the motions to amend the petition will be denied as futile.

This brings me to the merits. On the one hand, petitioner remains committed to the proposition that his petition is not properly construed as arising under § 2241. If that is the case, the petition must be dismissed for the simple reason that the suspension clause does not provide a separate cause of action. On the other hand, petitioner has attempted to identify a structural flaw in § 2255 so that he can proceed under § 2241. Because petitioner does raise a "structural flaw" argument, I will consider it even though he pretends not to be pursuing a § 2241 action. The "structural flaw" petitioner identifies is that § 2255 is an unconstitutional suspension of the writ of habeas corpus. Unfortunately for petitioner, the Court of Appeals for the Seventh Circuit has already concluded otherwise. Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1965) (concluding that "section 2255 is not an unconstitutional suspension of the writ of habeas corpus"). Because petitioner has not identified any legally recognized structural flaw in § 2255 and because the suspension clause offers no independent cause of action for pursuing writs of habeas corpus, I will dismiss his

3

petition for a writ of habeas corpus for lack of jurisdiction.

## ORDER

IT IS ORDERED that

1. Petitioner Felix Walls's "motion for indefinite statements," dkt. #6, "motion to supplement," dkt. #9, "petition for adjudication," dkt. #10, "petition to amend," dkt. #11, and "petition for disqualification," dkt. #12, are DENIED.

2. Petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 or Article 1, Section 9, Clause 2 of the Constitution is DISMISSED for lack of jurisdiction.

Entered this 22nd day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge